IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| FLINT AVENUE LLC,<br><br>  Plaintiff,<br>v.<br><br>U.S. DEPARTMENT OF LABOR *et al.*,<br><br>  Defendants. | No. 5:24-cv-130-C |

### DEFENDANTS' EMERGENCY, OPPOSED MOTION FOR LIMITED, EXPEDITED DISCOVERY AND TO EXTEND BRIEFING DEADLINES

Defendants respectfully request that the Court enter an order requiring Plaintiff to respond to three requests for production, Ex. A, on or before June 24, 2024, and extending the deadline for Defendants' opposition to Plaintiff's motion for preliminary relief to June 26, 2024. This motion is an emergency because Defendants' response to Plaintiff's injunctive-relief motion, ECF No. 13, filed on June 12, 2024, is due tomorrow (June 20, 2024) and because the United States will be prejudiced if it must respond to that motion for extraordinary relief without documentary evidence regarding the factual basis for Plaintiff's alleged injury given the inconsistent representations Plaintiff has made to Defendants and the Court.

### BACKGROUND

Plaintiff, a seven-employee business, seeks the extraordinary remedy of a universal preliminary injunction and/or nationwide stay of the Department of Labor's new rule, *Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales, and Computer Employees*, 89 Fed. Reg. 32,842 (Apr. 26, 2024) (2024 Rule). The 2024 Rule has three distinct aspects regarding the minimum salary level that an executive, administration, or professional employee must be paid to be exempt from the Fair Labor Standard Act's (FLSA)

overtime protections, but based on the allegations in Plaintiff's Complaint, ECF No. 1, only one aspect could possibly imminently affect Plaintiff: on July 1, 2024, the Department will update the minimum salary level for application of the exemption to account for wage growth since the prior rule took effect in 2019. Plaintiff's Complaint and injunctive-relief motion represented that one of Plaintiff's employees was exempt from the FLSA's protections at the time of those filings but would no longer be exempt after the July 1 update.

In order to prepare a response to Plaintiff's injunctive-relief motion that would best aid the Court's adjudication of that motion, Defendants served three targeted requests for production, as well as four interrogatories that are not the subject of this motion, on Plaintiff's counsel via email on the afternoon of June 14, 2024. These requests for production seek specific documents with respect to only the single employee who Plaintiff alleged would be affected by the July 1 update. Specifically, Defendants requested: (1) "timesheets" for that employee for the previous 24 months; (2) "payroll information" for that employee for the previous 24 months; and (3) "any offer letters the junior employee has received from Plaintiff and any employment contracts that the junior employee entered into with Plaintiff." Ex. A at 5. The requests for production provided clear definitions of the relevant terms. In particular, it defined "timesheets" as "any documents that Plaintiff or its employees use to track the hours an employee spends working in a given time period." Ex. A at 2. It also defined "payroll information" as "any documents that Plaintiff possesses relating to the wages that Plaintiff gives to its employees," including but "not limited to, pay stubs for each pay period and the Internal Revenue Service's annual W-2 Wage and Tax statements." *Id.*

The parties conferred by telephone about Defendants' discovery requests three times on June 16, 2024. During those conferrals, Defendants agreed to narrow two of their interrogatories

in exchange for Plaintiff agreeing to respond to the remainder of Defendants' requests, including the three requests for production that are the subject of this motion, by June 19, 2024.[1] During those conferrals, Plaintiff's counsel represented that the junior employee had been employed by Plaintiff for approximately 13 months and had only worked or billed 569 hours during that period.

Today, June 19, 2024, before responding to Defendants' requests, Plaintiff filed on the docket a Notice of Correction, ECF No. 20 (Notice), informing Defendants and the Court that the junior employee was being paid less than the minimum salary level for exemption when Plaintiff filed its Complaint on June 3, 2024. Plaintiff's junior employee was thus not exempt from FLSA overtime protections at the time the Complaint was filed, even though Plaintiff's motion invokes the conversion of this employee to nonexempt status as the basis of the harm Plaintiff alleges it would suffer beginning on July 1, absent relief. In the Notice, Plaintiff also reported that it had voluntarily increased Plaintiff's salary at some time after June 3, 2024, rendering her exempt under the FLSA.[2] Shortly after filing the Notice, Plaintiff responded to Defendants' requests for production, declining to turn over any of the documents that Defendants sought, with one exception, an employment contract discussed below. Plaintiff did not produce any timesheets as defined by Defendants' requests; in this regard, Plaintiff did not produce any document(s) that were the basis for counsel's June 16, 2024 representation that the junior employee had worked 569

---

[1] Defendants requested that Plaintiff's counsel advise by no later than June 16 whether Plaintiff would stipulate to responding to Defendants' requests by June 19. Defendants were prepared to file a motion for expedited discovery on June 16 if Plaintiff did not so stipulate. In light of the conferral, and Plaintiff's agreement to respond to the requests with the negotiated adjustments, Defendants did not file a motion on June 16. Defendants were not otherwise aware of Plaintiff's objections to the requests and that Plaintiff did not intend to provide responsive material until today, June 19.

[2] Defendants note that Plaintiff may not supplement its Complaint or its pending motion for relief in this manner without leave. *See* Fed. R. Civ. P. 15(d).

3

hours in the prior 13 months, nor any payroll information or offer letters regarding Plaintiff's late acknowledgement that as of June 3, 2024, the junior employee earned less than the current minimum salary level.

Plaintiff produced an employment contract that states that the junior employee is paid "$36,000 per year" and is dated June 1, 2024, Ex. C,[3] which seemed to contradict Plaintiff's representations to the Court in the Notice Plaintiff filed just this morning. After conferring, the parties have agreed to stipulate that the employment contract was signed by the junior employee and Amy Wood on behalf of Plaintiff on a date after June 14, 2024.

## ARGUMENT

"The purpose of a preliminary injunction is to preserve the status quo." *Hollon v. Mathis Indep. Sch. Dist.*, 491 F.2d 92, 93 (5th Cir. 1974). To receive preliminary relief, Plaintiff will need to "demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). The irreparable harm must be "more than de minimis." *Louisiana v. Biden*, 55 F.4th 1017, 1035 (5th Cir. 2022). Defendants' discovery requests seek limited information material to Defendants' defense to Plaintiff's injunctive-relief motion, about the harm that Plaintiff alleges it will experience beginning on July 1 due to the junior employee becoming nonexempt by operation of the Rule that Plaintiff seeks to enjoin or stay.

"The Fifth Circuit has not adopted a standard for determining whether expedited discovery is warranted, but district courts within the circuit have applied the 'good cause' standard." *EYM Pizza of Georgia LLC v. Pizza Hut LLC*, No. 3:24-CV-0646-X, 2024 WL 1743363, at *1 (N.D. Tex. Mar. 27, 2024) (citation omitted). "Under the good cause standard, as applied in this circuit,

---

[3] As a courtesy, Defendants have redacted information in Exhibit C that appears to be sensitive and is not material to Defendants' motion, Plaintiff's motion, or this case.

4

courts consider five factors: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the [party] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (internal quotation marks omitted) (granting limited, expedited discovery when a PI motion was pending).

Good cause supports Defendants' request for limited, expedited discovery.

*First*, a preliminary-injunction motion is pending.

*Second*, Defendants' discovery request was limited and targeted. Defendants' request sought information in Plaintiff's exclusive control relating to a single employee's timesheets, pay records, and offer letters and employment contracts, and would encompass documents regarding information that Plaintiff's counsel represented to Defendants on June 16, 2024 (less than one business day after Defendants served the discovery requests on Plaintiff). Moreover, during the parties' June 16 conferrals on Defendants' discovery request, Defendants agreed to narrow two of their interrogatories in exchange for Plaintiff agreeing to respond to the remainder of Defendants' requests, including the three requests for production that are the subject of this motion.

*Third*, the requests are targeted to information regarding the irreparable harm that Plaintiff must establish to receive preliminary injunctive relief. Without this information, Defendants are prejudiced in their ability to defend against Plaintiff's injunctive-relief motion, and the Court may be deprived of evidence material to adjudication of that motion.

*Fourth*, the compliance burden on Plaintiff is low, because all of the requested information is core to Plaintiff's business operations and easily accessible. In this regard, within less than one business day of receiving Defendants' request, Plaintiff's counsel was able to represent to Defendants that the junior employee has worked or billed 569 hours in her 13 months of

5

employment.[4] Plaintiff did not produce the documentation on which that representation was based, although any such documents would fall under the definitions of "timesheets" and/or "payroll information" that Defendants provided in its requests, and Plaintiff asserted no objection to or on the basis of those definitions.

*Fifth*, while this request was made in advance of the typical discovery process, Plaintiff accelerated proceedings in this matter by filing a motion for preliminary injunctive relief less than three weeks before the challenged Rule becomes operable. Further, the time limits on discovery imposed by Federal Rule of Civil Procedure 26(d)(2)(A) do not apply here, because this is a proceeding on an administrative record and thus exempt under Rule 26(a)(1)(B)(i).

A sixth factor also supports Defendants' request for targeted discovery: as described, Plaintiff has made conflicting representations to Defendants and to the Court about how much the junior employee was paid and on what date Plaintiff voluntarily raised that employee's pay. These facts are material to determining to what extent the July 1 update affects Plaintiff at all. Further, Plaintiff has at times suggested that it tracks the junior employee's time, and the employment contract that Plaintiff provided references an employee's obligation to track vacation time, Ex. C at 2, but Plaintiff has objected to providing any time records on the ground that "Plaintiff does not track the number of hours its employees work," Ex. B at 2. These inconsistent representations prejudice Defendants' ability to respond to Plaintiff's motion for preliminary relief and might deprive the Court of evidence regarding facts material to the adjudication of Plaintiff's motion. In particular, Plaintiff has not provided evidence showing: how many hours the junior employee has historically worked, and what salary it paid the junior employee during her employment before it

---

[4] In a telephone conferral regarding this motion today, Plaintiff's counsel suggested for the first time that the timeframe for these 569 hours worked or billed may be different.

6

filed this lawsuit, on June 3, 2024 (when Plaintiff filed its Complaint), and on June 12, 2024 (when Plaintiff filed its injunctive-relief motion).

Moreover, Defendants did not know until today that Plaintiff would not respond to Defendants' discovery request and could not have been aware of Plaintiff's inconsistent representations until Plaintiff filed its Notice today. In this regard, Defendants moved expeditiously to obtain this material information in advance of their deadline for responding to Plaintiff's injunctive-relief motion, and further undertook efforts to ensure they could bring any dispute over Defendants' requests to the Court in advance of that deadline. In the parties' conferral over Defendants' discovery request on June 16, 2024, Plaintiff's counsel represented that Plaintiff would provide responsive information as to the three requests for production that are the subject of the instant emergency motion. Despite these efforts, if Defendants are not afforded additional time to respond to Plaintiff's injunctive-relief motion, then Plaintiff's lack of cooperation will have worked to prejudice Defendants' ability to respond to that motion, and moreover may deprive the Court of information material to the Court's adjudication of that motion. Notably, Defendants seek an extension of time of only two business days after Defendants receive supplemental responses to their discovery requests.

Good cause supports Defendants' request for expedited discovery and to extend Defendants' deadline to respond to Plaintiff's motion for injunctive relief.

Undersigned counsel conferred with Plaintiff's counsel about this motion by telephone on June 19, 2024, in an effort to narrow or resolve the issues herein. The parties were unable to resolve the dispute, and Plaintiff opposes the relief sought in this motion.

Dated: June 19, 2024                                                          Respectfully submitted,

BRIAN M. BOYNTON

Principal Deputy Assistant Attorney General

JULIE STRAUS HARRIS
Assistant Director, Federal Programs Branch

/s/ *Christine L. Coogle*
CHRISTINE L. COOGLE
BRIAN C. ROSEN-SHAUD
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street NW
Washington, D.C. 20005
(202) 880-0282
christine.l.coogle@usdoj.gov

8