# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| Flint Avenue, LLC, <br><br> Plaintiff, <br><br> v. <br><br> United States Department of Labor, *et al.*, <br><br> Defendants. | Civil Action No. 5:24-cv-130-C |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants propound the following written requests for production upon Plaintiff, Flint Avenue, LLC. Defendants note that Plaintiff's challenge under the Administrative Procedure Act is exempt from Rule 26 disclosures under Rule 26(1)(B)(i), and so these Rule 34 requests are not subject to the requirements of Rule 26(d)(1).

**INSTRUCTIONS**

1. Respond to these Requests for Production in the manner prescribed by Federal Rule of Civil Procedure 34.

2. Respond to these Requests for Production on or before June 19, 2024. *See* Rule Federal Rule of Civil Procedure 29.

3. In responding to these Requests for Production, repeat the text of each Request for Production immediately preceding any answer, response, or objection.

4. With respect to each Request for Production, if you are able to provide some, but not all, of the information requested, provide such information as you can, and specifically identify the information that you cannot or will not produce or provide.

5. If, in responding to these Requests for Production, you encounter what you deem to be an ambiguity when construing any Request for Production, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

6. In the event that you object to answering any of these Requests for Production, state with specificity the ground(s) for objection and the basis for asserting that such ground is applicable. The objection and basis should be provided separately for each contested Request for Production. An objection must state whether any responsive information is being withheld on the basis of that objection. An objection to part of a Request for Production must specify the part.

7. Each Request for Production is to be construed independently and not with reference to any other request for purposes of limiting the scope of any particular request.

8. No part of a Request for Production should be left unanswered merely because an objection is interposed to another part of the request. You should answer any portion of the request, and provide any information or portion thereof, to which the objection does not apply, and specify the portion to which you are responding.

9. If you claim a privilege or other form of legal protection from discovery as a basis for not responding to any of these Requests for Production in full or in part, provide a separate privilege log with each entry providing sufficient detail to permit Defendants to evaluate the merits of the assertion of privilege. If a document is not produced due to a claim of privilege, please furnish a privilege log identifying the type of document, the general subject matter, the nature of the privilege asserted, the date of the document, the author of the document, and all addresses and recipients of the document.

10. Read any Request for Production propounded in the disjunctive as if also propounded in the conjunctive and vice versa.

11. Read any Request for Production propounded in the singular as if also propounded in the plural and vice versa.

12. Read any Request for Production propounded in the present tense as if also propounded in the past tense and vice versa.

13. Supplement your responses to these Requests for Production as required by Rule 26(e) of the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "Timesheets" are any documents that Plaintiff or its employees use to track the hours an employee spends working in a given time period.

2. "Payroll information" refers to any documents that Plaintiff possesses relating to the wages that Plaintiff gives to its employees. "Payroll information" includes, but is not limited to, pay stubs for each pay period and the Internal Revenue Service's annual W-2 Wage and Tax statements.

3. "Offer letter" is any document that Plaintiff provides to a prospective employee containing some or all of the terms of employment.

4. "Employment contract" is any document that governs an employee's relationship with the Plaintiff, including, but not limited to, salary, wages, and benefits provided by the employer to the employee.

5. "Document" includes "Communication," as defined below. "Document" means any written, printed, graphic, photographic, electronic, audio, or visual record, however produced or reproduced, of any kind or description, whether prepared by you or any other person, that is in your possession, custody, or control, including, but not limited, to the following: email; electronically stored information; papers; notes; books; letters; telecopies; faxes; photographs; motion pictures; videotapes; audio recordings; drawings; policies; manuals; directives;

memoranda; operating procedures; protocols; regulations; slideshows; presentations; instructions; training materials; spreadsheets; transcripts; minutes; reports; incident reports; affidavits; statements; pleadings; summaries; indices; analyses; evaluations; agreements; calendars; computer tapes, disks, cards, printouts, and programs; microfilm; microfiche; and data compilations. The term includes, as separate documents, all drafts of a document and all copies that differ in any respect from the original, including any notation, underlining, marking, or information deleted from or added to the original. The term also includes information accessible through computer or other information retrieval systems (including computer archives or backup systems), together with instructions and all other materials necessary to use or interpret such data compilations.

6. "Communication" means any oral or written transmittal of information, by and to whomever made, including, but not limited to, intra- and inter-office: correspondence, electronic or otherwise; emails; faxes; text messages; messages sent through instant messaging or other messaging services, platforms, or applications; postings on or transmitted through social media services, platforms, or applications; dialogues; meetings; discussions; interviews; consultations; agreements; and all other understandings between or among two or more persons or entities.

7. "The junior employee" refers to the employee, identified in paragraph 33 of the Complaint and paragraph 5 of the Declaration of Amy Wood, who Plaintiff alleges is paid less than a weekly salary of $844.

8. "Employees" refers to all employees of Flint Avenue, LLC.

9. "Plaintiff" refers to Flint Avenue, LLC.

10. A document "concerning" or "relating to" a given subject matter shall mean a document that directly or indirectly constitutes, embodies, comprises, reflects, identifies, states, refers to, concerns, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to the subject matter.

## REQUESTS FOR PRODUCTION

1. Provide all timesheets for the junior employee for the 24-month period beginning June 14, 2022.

2. Provide all payroll information for the junior employee for the 24-month period beginning June 14, 2022.

3. Provide any offer letters the junior employee has received from Plaintiff and any employment contracts that the junior employee entered into with Plaintiff.

Dated: June 14, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

JULIE STRAUS HARRIS
Assistant Director, Federal Programs Branch

*/s/ Brian Rosen-Shaud*
BRIAN C. ROSEN-SHAUD
CHRISTINE L. COOGLE
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-7667
Email: brian.c.rosen-shaud@usdoj.gov

*Counsel for Defendants*