IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

FLINT AVENUE, LLC,                          )
                                            )
                Plaintiff,                  )
                                            )
v.                                          )
                                            )
U.S. DEPARTMENT OF LABOR, *Et Al.*,         )
                                            )
                Defendants.                 )     Civil Action No. 5:24-CV-130-C

## ORDER

The Court, having considered Plaintiff's Motion for Stay or Preliminary Injunction [ECF No. 13], along with the Defendants' Response [ECF No. 25] and the Reply [ECF No. 28], is of the opinion that the Motion should be **DENIED** for essentially the reasons argued in the Defendants' Response.[1]

The Parties have done extensive briefing on the history and Final Rule promulgated by the Department of Labor ("DOL") and the Court need not rehash their thorough recitation of the basis that finds the current lawsuit before this Court. Plaintiff is a small software development company marketing firm with seven employees, who alleges that all of its employees were exempt from the minimum wage and overtime requirements of the Fair Labor Standards Act because they fell under the "white collar" or "EAP" exemption of 29 U.S.C. § 213(a).[2] Plaintiff alleges that under the Final Rule at issue, the DOL will eliminate the white-collar exemption for

---

[1]The Court further considered the Notice of Supplemental Authority filed by Defendant, along with Plaintiff's Response to said Supplemental Authority.

[2]EAP exemption applies to an employee employed in a bona fide executive, administrative, or professional capacity. *See* 29 U.S.C. § 213(a)(1). Plaintiff uses the term "Final Rule" and Defendant uses the term 2024 EAP. The Court will use the terms interchangeably.

a majority of Plaintiff's employees—though only one of Plaintiff's employees will be subject to the July 1, 2024 exemption amount. Plaintiff further alleges that the DOL is impermissibly using the time period on which an employee's pay is computed and the amount of such pay to define the exemption under the Final Rule, rather than the capacity in which an employee may be classified. As such, Plaintiff seeks a stay of the provision of the Final Rule that will take effect on July 1, 2024, which excludes employees from the exemption unless the employee is paid a fixed weekly salary of at least $844 (or $43,888 annually). In its Motion, Plaintiff alleges that this provision would disqualify one of Plaintiff's junior employees from the white-collar exemption. Thus, Plaintiff seeks a stay of the Final Rule or a preliminary injunction to prevent the effect of the July 1, 2024 EAP provision on this junior employee.

However, after the filing of this lawsuit and the Motion at hand, Plaintiff filed a Notice with the Court stating that it had discovered said junior employee did not qualify for the current exemption (under the 2019 EAP rule). At the time Plaintiff filed the Complaint, and at the time it filed the Motion for Stay or Preliminary Injunction, the junior employee did not meet the minimum salary threshold required by the current EAP exemption and was therefore not exempt. It is undisputed that Plaintiff then offered the junior employee an employment contract that would raise her salary to meet the 2019 EAP minimum amount. The contract was "back dated" to before the filing of the Complaint and the Motion at hand. The Parties have apparently stipulated a date for the signing of the employment contract.

In order to obtain a preliminary injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits of the underlying substantive claims; (2) a likelihood of irreparable harm to the plaintiff if preliminary injunctive relief is denied; and (3) the balance of

2

equities and the public interest weigh in favor of granting the requested preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).   Plaintiff also seeks a stay under section 705 of the Administrative Procedures Act. *See* 5 U.S.C. § 705.   The standard for a stay under section 705 is the same as for obtaining a preliminary injunction. *See Watterson v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 4:23-CV-80, 2024 WL 897595, at *20 (E.D. Tex. Mar. 1, 2024).

Here, Defendants contend that Plaintiff cannot manufacture the element of irreparable harm to its junior employee and then demand the extraordinary remedy of a nationwide preliminary injunction.  Defendants further argue that no preliminary injunctive relief is required to maintain the status-quo because the junior employee did not even qualify for exemption until the new contract was offered and back-dated.  As to Plaintiff's arguments related to vacation time and work flexibility, the Court finds those arguments insufficient under the circumstances presented to justify entry of preliminary injunctive relief.  Moreover, Plaintiff contends that to keep track of the junior employee's work hours and vacation time would be a costly burden. However, Plaintiff has failed to detail the amount of costs such a burden would impose.  Plaintiff simply argues that the costs would be "difficult to quantify" and any disruptions arising from doing so are "by no means *de minimus*."  The remainder of Plaintiff's arguments focus on the merits of the case and whether the DOL has the authority to promulgate any of the EAP exemption pay amounts.  Those can be addressed at the summary judgment stage as stated below.  As to the public interest and the balance of equities, the Court finds that because Plaintiff has not made the required showing of irreparable harm, the Court need not consider the final

3

factors in the preliminary injunction analysis. *See, e.g., Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009).

After considering the facts and circumstances presented with regards to Plaintiff's junior employee, Court agrees with Defendants' arguments and finds that Plaintiff has failed to meet its burden of showing irreparable harm that would justify the extraordinary remedy of injunctive relief to stop the July 1, 2024 provision from taking effect.  Therefore, Plaintiff's Motion to Stay or for Preliminary Injunction is **DENIED**.

Yet, the Court is cognizant that other provision of the Final Rule will likely have an effect on at least four of Plaintiff's other employees.  That provision will again raise the threshold amount of pay required to meet the EAP exemption, but will not take effect until January 1, 2025.  Thus, the Court finds that sufficient time exists to address the merits of Plaintiff's claims prior to that date.  A scheduling order will be entered imminently  in this case setting summary judgment deadlines that will allow the Court to reach a merits determination on Plaintiff's claims prior to January 1, 2025.

SO ORDERED this ___1st___ day of July, 2024.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

4